RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3499-15T4

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

TIMOTHY RANDALL,

 Defendant-Appellant.

________________________________________________________________

 Submitted May 23, 2017 – Decided August 1, 2017

 Before Judges Yannotti and Sapp-Peterson.

 On appeal from the Superior Court of New
 Jersey, Law Division, Essex County, Indictment
 No. 12-07-1894.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Alan I. Smith, Designated
 Counsel, on the brief).

 Carolyn A. Murray, Acting Essex County
 Prosecutor, attorney for respondent (Stephen
 A. Pogany, Special Deputy Attorney
 General/Acting Assistant Prosecutor, on the
 brief).
PER CURIAM

 Defendant appeals from a February 1, 2016 order denying his

petition for post-conviction relief (PCR), which defendant filed

following his civil commitment to the Special Treatment Unit,

pursuant to the Sexually Violent Predator Act (SVPA), N.J.S.A.

30:4-27.24 to -27.38. We affirm.

 An Essex County Grand Jury returned a six-count indictment

against defendant, charging him with first-degree aggravated

sexual assault, N.J.S.A. 2C:14-2(a)(1) (count one); second-degree

endangering the welfare of a child, N.J.S.A. 2C:24-4(a) (counts

two, four, and six); and second-degree sexual assault, N.J.S.A.

2C:14-2(b) (counts three and five).1 Defendant entered into a

negotiated plea agreement in which he agreed to plead guilty to

two counts of endangering the welfare of a minor (counts two and

four). In exchange, the State agreed to recommend a three-year

flat sentence and to dismiss the more serious charges in the

indictment. During the plea colloquy, the Assistant Prosecutor

indicated that as part of the agreement,

 [T]he Essex County Prosecutor's Office will
 also not refer this defendant [] for civil
 commitment. However, the decision whether a
 person is civilly committed falls under the
 Attorney General's Office and I cannot bind

1
 In a separate indictment defendant was charged with additional
offenses, which are unrelated to this appeal.

 2 A-3499-15T4
 the Attorney General's Office for whatever
 they choose to do on their own, as well as the
 Department of Corrections, who would make that
 -- who can possibly make that referral, but
 no referral will come from the Essex County
 Prosecutor's Office.

 When questioned by the court as to whether defendant

understood everything the Assistant Prosecutor placed on the

record up to that point regarding the plea agreement, defendant

requested an opportunity to speak to his lawyer. He then asked the

court about a provision on the plea form regarding violation of

community supervision for life, but, had no questions about the

fact that the Essex County Prosecutor would not refer him for

civil commitment, the Attorney General or Department of

Corrections could make such referral. Defendant then advised the

court that he understood the terms of the plea agreement, had an

opportunity to confer with his attorney regarding the plea

agreement, and was consenting to the terms of the agreement.

 When the court reviewed each of the terms of the plea

agreement directly with defendant, it reiterated that "as part of

this agreement, [the Essex County Prosecutor's Office] ha[s]

agreed not make a referral for a civil commitment, to have you

civilly committed." Defendant indicated that he understood. The

court then stated:

 However, do you also understand that the
 decision of the Essex County Prosecutor not

 3 A-3499-15T4
 to make a request or recommendation for civil
 commitment does not, in any way, affect the
 Attorney General's Office or the Department
 of Corrections from making that referral, if
 they believe it's necessary or proper?

 Defendant responded that he understood, but asked the court,

"[A]re you saying that they can -- they can-- they can do that if

they want to?" In response the court stated:

 All I'm saying is that the prosecutor's
 decision not to make that recommendation
 doesn't, in any way, affect the possibility
 or the Attorney General making that
 application of recommendation or the
 Department of Corrections if, at some point
 in time, they think it's appropriate. Do you
 understand that?

 Defendant once again advised the court that he understood and

had no further questions. Before concluding the plea colloquy

with defendant, the court, on three separate occasions, asked

defendant whether he had any other questions and twice explained

to defendant that "[n]ow is the time to ask questions." The only

additional question defendant posed to the court was whether the

court could change its mind regarding the plea agreement. Finally,

in response to the court's question regarding his legal

representation, defendant advised the court that he was satisfied

with the services rendered on his behalf by his attorney.

 The court subsequently sentenced defendant, in accordance

with the plea agreement, to a three-year flat term, together with

 4 A-3499-15T4
fines, penalties, and community supervision for life. At the time

of sentencing, defendant had approximately 873 days of jail

credits. As such, he was slated for parole several months later.

 Prior to defendant's release, the Attorney General's Office

filed a petition for defendant's civil commitment pursuant to the

SVPA. The court granted the petition. On December 9, 2014,

defendant filed a pro se petition, seeking post-conviction relief.

Following appointment of assigned counsel, the court conducted

oral argument on February 1, 2016. On that same date, the court

rendered an oral decision denying the petition.

 In reaching its decision, the court reviewed the plea colloquy

transcript of March 11, 2014, and quoted extensively from the

transcript of those proceedings. In particular, the court focused

on the questions posed to defendant and his responses, as well as

questions posed to the court by defendant and the court's

responses. The court was satisfied the record established that

defendant was repeatedly advised of the consequences of pleading

guilty, including the "potential for civil commitment," based upon

an application by the Attorney General or Department of

Corrections. The court concluded defendant failed to offer any

credible evidence demonstrating that his counsel's performance

fell below the objective standard of reasonableness.

 5 A-3499-15T4
 Because the court determined that petitioner failed to

establish a prima facie case that his attorney's performance fell

below the objective standard of reasonableness, it acknowledged

that it was unnecessary to determine whether defendant had

established a prima facie case that but for counsel's deficient

performance there would have been a different outcome regarding

the plea proceedings. Nonetheless, the court elected to consider

the merits of defendant's petition. The court observed that if

convicted of the charges, at a minimum, defendant faced up to

twenty years imprisonment on the first count of the indictment

charging him with aggravated sexual assault, as well as the

possibility of an extended term, based upon the nature of the

underlying offenses as well defendant's prior record of

convictions.

 The court found that "defendant knowingly and voluntarily

elected to assume the risk of possible civil commitment referral

by either the Attorney General's Office or the Department of

Corrections in return for the extremely generous and favorable

offer of a three-year custodial sentence," and in doing so, "also

avoid[ed] the embarrassment . . . of hearing his three children

testify in court to these horrendous, horrendous acts he allegedly

committed upon them." Finally, the court found that because

defendant failed to establish a prima facie case of ineffective

 6 A-3499-15T4
assistance of counsel, he was not entitled to an evidentiary

hearing. The present appeal followed.

 On appeal, defendant raises the following points for our

consideration:

 POINT I

 THE ORDER DENYING [PCR] SHOULD BE REVERSED
 BECAUSE DEFENDANT ESTABLISHED BY A
 PREPONDERANCE OF THE EVIDENCE THAT HIS CIVIL
 COMMITMENT AS A SEXUALLY VIOLENT PREDATOR
 VIOLATED HIS FOURTEENTH AMENDMENT DUE PROCESS
 RIGHTS TO BE PROTECTED FROM ENTERING INTO AN
 ILLUSORY PLEA BARGAIN IN WHICH THE COUNTY
 PROSECUTOR'S PLEA PROMISES MAY BE NEGATED BY
 THE STATE ATTORNEY GENERAL.

 POINT II
 THE ORDER DENYING [PCR] SHOULD BE REVERSED AND
 THE MATTER REMANDED FOR AN EVIDENTIARY HEARING
 BECAUSE TRIAL COUNSEL'S FAILURE TO ADVISE
 DEFENDANT THAT HE COULD BE SUBJECT TO A CIVIL
 COMMITMENT AS A SEXUALLY VIOLENT PREDATOR EVEN
 THOUGH HE [PLED] GUILTY TO NON-SEXUAL OFFENSES
 SATISFIED [RULE] 3:22-2 INEFFECTIVE
 ASSISTANCE OF COUNSEL CRITERIA.

 We have considered the arguments advanced by defendant in

light of the record and applicable legal principles. We conclude

defendant's arguments are without sufficient merit to warrant

extensive discussion in a written opinion. R. 2:11-3(e)(2). We

affirm substantially for the reasons expressed by Judge Ciffelli

in his comprehensive February 1, 2016 oral opinion. We add the

following comments.

 7 A-3499-15T4
 For defendant to obtain relief based on ineffective

assistance grounds, he was obliged to show not only the particular

manner in which counsel's performance was deficient, but also that

the deficiency prejudiced his right to a fair trial. Strickland

v. Washington, 466 U.S. 668, 687, l04 S. Ct. 2052, 2064, 80 L. Ed.

2d 674, 693 (1984); accord State v. Fritz, 105 N.J. 42, 58 (1987).

Both the United States Supreme Court and the New Jersey Supreme

Court have extended the Strickland test to challenges to guilty

pleas based on ineffective assistance of counsel. Lafler v.

Cooper, 566 U.S. 156, 162-63, 132 S. Ct. 1376, 1384-85, 182 L. Ed.

2d 398, 406-07 (2012); Missouri v. Frye, 566 U.S. 134, 140, 132

S. Ct. 1399, 1405, 182 L. Ed. 2d 379, 387 (2012); State v. DiFrisco,

137 N.J. 434, 456-57 (1994). Defendant failed to meet the

standards for post-conviction relief.

 Defendant's contention that his plea bargain was "illusory"

is without merit. The representation of the Assistant Prosecutor

that the Essex County Prosecutor's Office would not refer the

matter for defendant's civil commitment could only be viewed as

"illusory" and "misleading" if the Assistant Prosecutor made this

representation knowing that the Essex County Prosecutor was

without authority to independently seek civil commitment of a

defendant. Under the SVPA, the Attorney General may delegate

authority to a county prosecutor to see relief under the SVPA.

 8 A-3499-15T4
See N.J.S.A. 30:4-27.26 (expressly stating that the definition of

Attorney General includes "a county prosecutor to whom the Attorney

General has delegated authority under [the SVPA]."). Although no

such delegation occurred in this matter, the prosecutor was not

precluded from seeking such a delegation, but, as part of the plea

agreement declined to do so.

 Further, the plea colloquy clearly establishes defendant's

understanding of the terms of the plea agreement and, in

particular, the fact that the Essex County Prosecutor's decision

not to refer defendant for a civil commitment under the SVPA, did

not bind the Attorney General or the Department of Corrections

from seeking such relief.

 Moreover, even if the court were to have accepted defendant's

contention that his attorney failed to advise him that he

potentially faced civil commitment pursuant to the SVPA,

notwithstanding the Essex County Prosecutor's representation that

it would not seek such relief, defendant could not satisfy the

second requirement for post-conviction relief, namely, but for

counsel's deficient performance, there would have been a different

outcome in the plea proceedings. The record establishes that both

the Assistant Prosecutor and the court separately placed on the

record that the Essex County Prosecutor's decision not to pursue

a civil commitment was not binding upon the Attorney General or

 9 A-3499-15T4
the Department of Corrections. The defendant, more than once

during the proceedings, expressed his understanding of this fact.

 Thus, to the extent this fact was not made clear to

defendant by his attorney, such an omission had no prejudicial

impact upon defendant sufficient to warrant post-conviction

relief.

 Affirmed.

 10 A-3499-15T4